UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK POLITE,

          Plaintiff,

-against-

VIP COMMUNITY SERVICES,

          Defendant.

20-CV-7631 (GBD)

ORDER OF SERVICE

GEORGE B. DANIELS, United States District Judge:

Plaintiff brings this *pro se* action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. He alleges that his former employer discriminated and retaliated against him on the basis of his age. By order dated October 2, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant VIP Community Services through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue a summons and complete the USM-285 forms with the address for VIP Community Services and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: February 4, 2021
New York, New York

_____
GEORGE B. DANIELS
United States District Judge

2

## DEFENDANT AND SERVICE ADDRESS

VIP Community Services Inc.
Attn: Director of Human Services
1910 Arthur Ave., 4th Floor
Bronx, NY 10457