UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DERRICK POLITE,

                              Plaintiff,                                    Civil Case No.: 1:20-cv-07631

            - against -

VIP COMMUNITY SERVICES,                                        **ANSWER TO AMENDED
                                                               COMPLAINT**

                              Defendant.
----------------------------------------------------------X

Defendant Vocational Instruction Project Community Services, Inc., by its attorneys Lewis

Brisbois Bisgaard & Smith LLP, as and for its Answer to the Amended Complaint herein, alleges as

follows:

## I. PARTIES

1.      Denies having knowledge or information sufficient to form a belief with respect to the

allegations contained in section I(A) of the Complaint.

2.      Denies the allegations contained in section I(B) of the Complaint, except admits that

Defendant is presently located at 770 East 176th Street, Bronx, NY.

## II. PLACE OF EMPLOYMENT

3.      Denies the allegations contained in section II of the Complaint, except admits that

Plaintiff was formerly employed by Defendant.

## III. CAUSE OF ACTION

4.      Denies the allegations contained in section III(A) of the Complaint, except admits that

Plaintiff purports to bring this lawsuit pursuant to Title VII of the Civil Rights Act and the Age

Discrimination in Employment Act.

5.      Denies the allegations contained in section III(B) of the Complaint, except admits that Plaintiff purports to bring claims pursuant to the New York City Human Rights Law.

## IV. STATEMENT OF CLAIM

6.      Denies the allegations contained in section IV(A) of the Complaint, except admits that Defendant terminated Plaintiff's employment.

7.      Denies the allegations contained in section IV(B) of the Complaint, except admits that Plaintiff was formerly employed by Defendant as a Clinical Director for the Ryan White Wellness Clinic.

## V. ADMINISTRATIVE PROCEDURES

8.      Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in section V of the Complaint, except admits that a charge was filed by Plaintiff or on Plaintiff's behalf against Defendant at the New York State Division of Human Rights.

## VI. RELIEF

9.      Section VI of the Complaint requires no response as it is merely a prayer for relief. To the extent a response is required, Defendant denies Section VI.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where the law does not impose one on the Defendant, the Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mitigate his alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendant, its employees, agents or representatives.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver or release of claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands and/or equitable estoppel and/or *in pari delicto.*

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to exhaust his administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Any actions taken with respect to Plaintiff's employment were based on legitimate, independent, non-discriminatory reasons and reasonable factors other than age, color, or alleged engagement in protected activity.

## NINTH AFFIRMATIVE DEFENSE

To the extent this court determines that Defendant acted with a discriminatory motive, Plaintiff would not be entitled to damages, since Defendant would have taken the same action in the absence of a discriminatory motive.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in the proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and Defendant's actions were not discriminatory, or otherwise actionable.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant did not have actual or constructive knowledge of, encourage, condone, approve or participate in any allegedly discriminatory conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

The New York State Division of Human Rights issued a no probable cause decision following its fact investigation which precludes Plaintiff from re-litigating his claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant had in effect policies and procedures for the prevention and correction of illegal workplace harassment and discrimination, and Defendant exercised reasonable care to prevent and correct promptly any such harassing or discriminatory behavior, while Plaintiff unreasonably failed to report alleged harassment and discrimination and/or unreasonably failed to take advantage of any of Defendant's procedures for preventing and/or correcting illegal harassment and discrimination.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith without reckless disregard for Plaintiff's statutory rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

### SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff never engaged in protected activity because his alleged harassment complaint was not "motivated by a good faith, reasonable belief that the underlying employment practice was unlawful." *Kwan v Andalex Group, LLC*, 737 F3d 834, 843 (2d Cir 2013).

**WHEREFORE**, Defendant demands judgment as follows:

1.      Dismissing the Amended Complaint in its entirety with prejudice;

2.      Awarding costs and expenses in connection with this action, including reasonable attorneys' fees to the Defendant; and

3.      Granting such other and further relief as is just and proper.

Dated:  New York, New York
        June 7, 2021

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:     /s/ Jeffrey Spiegel
        Jeffrey Spiegel
        Ariadne Panagopoulou
        *Attorneys for Defendant*
        77 Water Street, Suite 2100
        New York, New York 10005
        212-232-1300
        Jeffrey.Spiegel@lewisbrisbois.com

To:

Derrick Polite
*Pro Se Plaintiff*
1686 Randall Ave, Apt. 4E
Bronx, NY 10473

6

## CERTIFICATE OF SERVICE

Jeffrey Spiegel, an attorney duly admitted to practice before this Court, certifies that on June 7, 2021, he caused to be filed and served via regular mail the Answer.

/s/ Jeffrey Spiegel
Jeffrey Spiegel
