UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

DERRICK POLITE,

                Plaintiff,

     -against-

VIP COMMUNITY SERVICES,

                Defendant.

-------------------------------------X

MEMORANDUM DECISION
AND ORDER

20 Civ. 7631 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Derrick Polite brings this action against Defendant Vocational Instruction Project Community Services, Inc. ("VIP") for retaliation and color- and age- based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 ("NYCHRL"). (*See generally* Second Amended Complaint ("SAC"), ECF No. 25.) Plaintiff contends that he was unlawfully terminated in retaliation for reporting incidents of unwanted touching on behalf of two other employees, and that VIP engaged in age discrimination by paying him less than his predecessor. (*Id.* at 7.) He also alleges that he suffered discrimination on the basis of color when another employee called him the "N-word." (*Id.* at 5.) Following the close of discovery, Defendant VIP moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of Plaintiff's claims *en toto*. (Notice of Mot., ECF No. 44.)

Before this Court is Magistrate Judge Stewart D. Aaron's September 1, 2022 Report and Recommendation (the "Report"), recommending that Defendant's motion be granted and this action be dismissed. (*See generally*, Report, ECF No. 55.) Magistrate Judge Aaron advised the

1

parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 24.) Neither party lodged objections to the Report and the time to do so has now passed.

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full. Accordingly, Defendant's motion is GRANTED and this action is dismissed.

## I. FACTUAL BACKGROUND

This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it. From approximately July 2018 to August 2019, Plaintiff was employed as Clinical Director of Defendant VIP's Ryan White Clinic, a mental health facility in the Bronx. (Report at 2.) In this role, Plaintiff received a salary of $75,000 per annum, approximately $5,000 less than that of his predecessor. (*Id.* at 2, 9.) Throughout his employment at VIP, Plaintiff's supervisor was Alison Maling, the Clinic's Program Director. (*Id.* at 3.)

In November of 2018, one of Plaintiff's supervisees, a social worker named Angela Caban, complained to VIP's Human Resources Department ("Human Resources") about Plaintiff's behavior in the workplace, namely, certain alleged insensitive and sexist remarks Plaintiff made about Maling. (Report at 5.) Specifically, Caban alleged that Plaintiff, referring to Maling, told Caban, "that b**** doesn't even know what she's talking about" and "I'll fix her." (*Id.*) According to Caban, Plaintiff routinely engaged in "unethical and professional talk" about Maling in front of others. (*Id.*) In investigating Caban's complaint, Human Resources arrived at the determination that Plaintiff had "never developed a consistent and collegial relationship" with Maling and that he frequently tried to undercut Maling in making important personnel decisions. (*Id.*) Pursuant to a mutually agreed-upon resolution of the issue, Plaintiff was placed on a

2

performance improvement plan and agreed to cease making disparaging comments about others. (*Id.* at 6.) Plaintiff's improvement plan warned him that any further such conduct would not be tolerated and would "result in further disciplinary action, up to and including termination." (*Id.*)

On August 12, 2019, Plaintiff sent an email to Human Resources purporting to report incidents of unwanted physical contact between employees at VIP. (Report at 6.) Specifically, Plaintiff claimed that two VIP employees had complained to him that they had been inappropriately touched by Maling and that it had made them feel uncomfortable. (*Id.* at 6–7.) Plaintiff further claimed that he told both employees that he would raise their concerns to Human Resources and that they both acquiesced to his doing so. (*Id.* at 7.) Given their serious nature, Human Resources promptly investigated Plaintiff's claims and interviewed the alleged victims. (*Id.* at 7–8.) Both employees vehemently denied that any inappropriate touching had occurred or that they had reported any such thing to Plaintiff, and both signed statements to that effect. (*Id.*) Based on those interviews, Human Resources concluded that Plaintiff had intentionally fabricated the complaints against Maling. (*Id.* at 8.) Human Resources further decided that this serious misbehavior, coupled with Plaintiff's prior conduct and attitude toward Maling, warranted termination. (*Id.*) That decision was communicated to Plaintiff on August 28, 2019. (*Id.*) Plaintiff filed the instant action approximately a year later. (*See* ECF No. 2.)

## II.  LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). While a court must review *de novo* the portions of a magistrate judge's report to which a party properly objects, *id.*, portions of the report to which no or "merely perfunctory" objections are made are reviewed only for clear error, *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations

3

omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quotation omitted).

### III. RETALIATION UNDER TITLE VII AND THE NYCHRL

Plaintiff alleges retaliation under Title VII and the NYCHRL. To establish a *prima facie* case of retaliation under Title VII, a plaintiff-employee must show that (1) he engaged in protected activity; (2) the employer was aware of this activity; (3) the employer took adverse action against the employee;[1] and (4) a causal connection exists between the protected activity and the adverse action. *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013). "Once a prima facie case of retaliation is established, the burden of production shifts to the employer to demonstrate that a legitimate, nondiscriminatory reason existed for its action." *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001). If the employer demonstrates a legitimate, non-discriminatory reason, then "[t]he burden shifts ... back to the plaintiff to establish, through either direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation." *Id*.

Plaintiff asserts that VIP retaliated against him by unlawfully terminating him after he reported incidents of unwanted touching, purportedly on behalf of two other employees, in August of 2019. In his Report, Magistrate Judge Aaron concluded that Plaintiff's claims fail at the first step of the retaliation analysis because Plaintiff's August 2019 report to Human Resources was demonstrated to not have been made in good faith, and therefore, is not "protected activity." (Report at 17.) Magistrate Judge Aaron is correct. It is well-established that, while a plaintiff's

---

[1] The standard under the NYCHRL is more solicitous than federal law because, rather than requiring a plaintiff to show an adverse employment action, it only requires action that was "reasonably likely to deter a person from engaging in protected activity." *Mestecky v. New York City Dep't of Educ.*, 791 F. App'x 236, 239 (2d Cir. 2019) (citation omitted). In all other respects, a *prima facie* case of retaliation faces the same requirements under the NYCHRL as under Title VII. *See id.*

4

complaint does not have to be correct in order to constitute protected activity, it must have been made in the "good faith, reasonable belief" that it was. *See e.g., McMenemy v. City of Rochester*, 241 F.3d 279, 285 (2d Cir. 2001) (quotation omitted); *see also Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988) ("To prove that he engaged in protected activity, the plaintiff need not establish that the conduct he opposed was in fact a violation of Title VII. However, the plaintiff must demonstrate a good faith, reasonable belief that the underlying challenged actions of the employer violated the law.") (citations omitted). It follows, then, that a complaint made in bad faith is not protected activity. *Sanders v. Madison Square Garden, L.P.*, 525 F. Supp. 2d 364, 366 (S.D.N.Y. 2002) ("Therefore, if the plaintiff did not make a good faith complaint, but rather made up accusations … then her activity was not protected.") (citing *Matima v. Celli*, 228 F.3d 68 (2d Cir. 2000)). In view of Human Resources' determination that Plaintiff fabricated the complaints against Maling,[2] no reasonable juror could find that he possessed a "good faith, reasonable belief" that he was opposing an unlawful employment practice. He therefore cannot establish that he engaged in any protected activity.

This Court also finds merit in Magistrate Judge Aaron's conclusion that Defendant successfully articulated a legitimate, non-retaliatory reason for discharging Plaintiff (his intentional fabrication of allegations against Maling). (Report at 18.) Plaintiff has not provided evidence that the reason Defendant provided for his termination was pretextual. Plaintiff's failure to raise a genuine issue of material fact as to the grounds for his termination independently entitles Defendant to summary judgment on Plaintiff's retaliation claims.

---

[2] In response to Defendant's motion and Rule 56.1 Statement, Plaintiff's submitted Rule 56.1 Statement, (ECF No. 53), does not dispute Defendant's factual assertion that Human Resources "arrived at the determination that Plaintiff had intentionally fabricated these complaints," (ECF No. 50 ¶ 40.)

5

### IV.     PLAINTIFF'S AGE DISCRIMINATION CLAIMS

Defendant also moves to dismiss Plaintiff's age discrimination claims under the ADEA and the NYCHRL. The sole charge predicating these claims is Plaintiff's complaint that his annual salary was $5,000 less than that of his predecessor, who Plaintiff says was younger than him.

To establish a *prima facie* disparate pay claim, plaintiff must show: (1) that he is a member of a protected class; (2) that he was paid less than similarly situated non-members of his protected class; and (3) evidence of discriminatory animus. *Belfi v. Prendergast*, 191 F.3d 129, 139 (2d Cir. 1999). To be similarly situated, the individuals with whom plaintiff attempts to compare himself "must be similarly situated in all material respects." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53–54 (2d Cir. 2001) (citing *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (1997)). While their circumstances do not have to be identical, "there should be a reasonably close resemblance of facts and circumstances. What is key is that they be similar in significant respects." *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 101 (2d Cir. 2001) (citations omitted). To establish an age discrimination claim under the NYCHRL, by contrast, a plaintiff need only show that his employer treated him "less well, at least in part" because of his age. *Bohlinger v. Abbott Lab'ys Inc.*, 843 F. App'x 374, 376 (2d Cir. 2021).

Magistrate Judge Aaron recommended dismissal of Plaintiff's age-based claims for his failure to produce any evidence that he was similarly situated to his predecessor or that he was treated less well because of his age. (Report at 19–20, 23.) Far from any showing that Plaintiff and his predecessor were similarly situated in all material respects, the undisputed evidence demonstrates that myriad factors existed to justify the disparity in pay between Plaintiff and his predecessor, including that Plaintiff's predecessor was more experienced than Plaintiff, better

6

educated, and bilingual. (*See* Report at 20.) Summary judgment is therefore proper on Plaintiff's ADEA claim.

As to his claim under the NYCHRL, Plaintiff has not furnished any evidence that his age played any role in the determination of his salary or that he was ever treated less well at VIP because of his age. Plaintiff's unsupported assertion that his age was the reason for the disparity in pay is insufficient to raise an inference of age discrimination. *See e.g.*, *Fagan v. New York State Elec. & Gas Corp.*, 186 F.3d 127, 134 (2d Cir. 1999) (collecting cases). Defendant is therefore also entitled to summary judgment with respect to Plaintiff's NYCHRL age discrimination claim.

## V.  PLAINTIFF'S COLOR-BASED DISCRIMINATION CLAIMS

Finally, Plaintiff brings color-based discrimination claims pursuant to Title VII and the NYCHRL. Plaintiff's claims are based on his allegation that "staff [were] being called n*****." (SAC at 5.) The only evidence Plaintiff sets forth in support of this claim is his own deposition testimony that he was told by another employee, Eric Iglesias, that Caban had used this slur in referring to him. (Report at 21.) Plaintiff was not present for the conversation and never heard Caban or anyone else at VIP use such language. (*Id.*) The only evidence supporting Plaintiff's claims, therefore, is inadmissible hearsay. As such, Magistrate Judge Aaron properly recommended dismissal of Plaintiff's claims of discrimination under Title VII and the NYCHRL. (*Id.* at 21–22); *see also, Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (a party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment ... absent a showing that admissible evidence will be available at trial"). Summary judgment is therefore granted as to Plaintiff's discrimination claims.

## VI.     CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED in full. Defendant's motion for summary judgment, (ECF No. 44), is GRANTED.

The Clerk of Court is directed to close the motion accordingly and to close this case.


Dated: October 17, 2022
      New York, New York

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

8